Danny Earl **COOPER, Appellee,**

v.

Mary Elaine **COOPER, Appellant.**

No. 51824.

Court of Appeals of Oklahoma, Division No. 2.

March 18, 1980.

Released for Publication by Order of Court of Appeals April 17, 1980.

James E. Gotcher, Gotcher, Gotcher & Taylor, McAlester, for appellee.

Ron Stubblefield & J. Douglas Gabbard, II, Stubblefield & Gabbard, Atoka, for appellant.

BRIGHTMIRE, Presiding Judge.

Danny Cooper obtained a divorce from Mary Cooper in December 1976 ending an 11 year marital relationship. Pursuant to a written agreement the court awarded Mary Cooper custody of the couple's nine-year-old son and seven-year-old daughter. Six months later Danny Cooper moved for modification of the decree's child custody provisions and asked for the two children on the ground that a substantial change of conditions had occurred which adversely affected the little ones' welfare. Following a hearing the court modified the decree and granted Danny Cooper custody of the youngsters. The mother appeals seeking reversal of the order because, she says, (1) the "verdict [is] inconsistent with the evidence"; (2) relevant evidence was excluded; and (3) irrelevant evidence was admitted.

## I

The father's motion for the custodial change was founded on the allegation of these facts. Following the divorce the 31-year-old mother began to use—and associate with persons who habitually used and abused—"intoxicants, narcotics, and other related drugs in the presence of the children." The kiddies' home became the frequent scene of large, noisy, and drunken gatherings. At times, the children were left at home either by themselves or with drug consumers.

The mother denied the charges and a lengthy hearing followed featuring the testimony of eight witnesses on behalf of the father and 13 on behalf of the mother. His evidence sustained his allegations. Her evidence contradicted his. The court weighed it all, found a substantial change of conditions had occurred since rendition of the decree which, by implication at least, adversely affected the minor children's welfare, and modified the decree.

## II

■ The law of this state is that in awarding custody of a minor child the court shall be guided principally by "what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare." 30 O.S.1971 § 11. Once established child custody may be altered only upon proof that conditions have changed in such a way that the child's best interests would be served by the modification. *Gibbons v. Gibbons*, Okl., 442 P.2d 482 (1968).

■ Our review of the evidence convinces us the trial judge did not incorrectly assess it and indeed reached a wise decision.

## III

The mother's remaining complaints—with regard to the admission and rejection of evidence—are likewise without substantial merit.

The rejected testimony had to do with the father's post-divorce living arrangement

with another woman and a pre-divorce incidence of his taking a puff on a marijuana cigarette. The offering, said the mother, was meant to cast a shadow on the father's custodial fitness. Such evidence was somewhat irrelevant, it seems to us, because neither item was shown to have had an undesirable impact potential with regard to the children. The pot incident was not only prior to the divorce but was not in the presence of the offspring. And, as to the other "woman," it developed the father had married her July 7, 1977—some four months before the modification hearing.

■ The admitted evidence objected to consisted of (1) allowing a witness to state his opinion regarding the fitness of the father as a parent and his home as an appropriate environment for "kids", and (2) permitting the mother to be asked leading, insinuational questions during cross-examination suggesting that she had been accused by her former employer of "drinking" or "using pills."

It is difficult to see how the first point could have prejudiced the mother when she herself had earlier testified that movant was "a good father . . . he loves the kids," the children "love their dad," and that he does not "mistreat or abuse them." Moreover, it is rather fundamental that in matters tried to the court considerable latitude is allowed in the admission of evidence because it is assumed that the judge, unlike a lay fact finder, is capable of keeping himself from being prejudicially affected by any improperly admitted information.

The other complaint loses significance not only for the last reason mentioned, but also because any harm wrought by the irrelevance of the unproved innuendo was dwarfed by the cogent material factual disclosures concerning the wayward mother's nefarious activities in her home.

The record is without reversible error.

Affirmed.

BACON and NEPTUNE, JJ., concur.